IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LEVERT SMITH and NELSON RADFORD,
Co-Administrators of the Estate of
Joseph Jeremaine Porter,

                Plaintiffs,

v.                                      CIVIL ACTION NO. 3:10-0781

RONALD LUSK, individually, and
THE CITY OF HUNTINGTON,
WEST VIRGINIA,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

On March 1, 2012, the Court held a Status Conference in this matter, and directed Plaintiffs to submit a supplemental memorandum in opposition to Defendant City of Huntington's Motion for Summary Judgment on Plaintiff's negligent hiring claim (ECF No. 257). This supplemental briefing is now complete and for the reasons stated below, the Court **GRANTS** summary judgment for Defendant City of Huntington on Plaintiffs' state-law claim for negligent hiring.

**I.**

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most

favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

## II.

West Virginia recognizes a cause of action for negligent hiring. *State ex rel. West Virginia State Police v. Taylor*, 499 S.E.2d 283, 289 n. 7 (W. Va. 1997); *see also McCormick v. West Virginia Dept. of Public Safety*, 503 S.E.2d 502, 506 n.5 (W. Va. 1998) (collecting authorities). Although municipal police departments enjoy substantial immunity from suit, West Virginia's municipal liability statute "does not contemplate immunity where a plaintiff sues based on negligent hiring and supervision of an employee." *Woods v. Town of Danville, West Virginia*, 712 F. Supp.2d 502, 514 (S.D.W. Va. 2010) (Goodwin, C.J.).

The inquiry in determining whether an individual was negligently hired is "[did] the employer conduct a reasonable investigation into the employee's background vis a vis the job for which the employee was hired and the possible risk of harm or injury to co-workers or third parties that could result from the conduct of an unfit employee? Should the employer have reasonably

foreseen the risk caused by hiring or retaining an unfit person?" *McCormick*, 503 S.E.2d at 506. In evaluating these questions, courts look to "the nature of the employee's job assignment, duties and responsibilities—with the employer's duty with respect to hiring or retaining an employee increasing, as the risks to third persons associated with a particular job increase." *Id*. at 507. Therefore, an "employer's duty is heightened" when the prospective employee is a police officer, as an unfit police officer may pose a substantial risk to third persons. *Woods* , 712 F. Supp.2d at 514.

(finding heightened employer duty to screen officer candidates because "[p]olice officers are, among other things, permitted to carry guns, use necessary force to effect arrest, and enter civilian residences in certain circumstances.").

    Applying this analysis to instant matter, the Court determines that the Huntington Police Department conducted "a reasonable investigation" of Officer Lusk's background, "vis a vis" the job of police officer. *McCormick*, 503 S.E.2d at 506.

    Officer Lusk applied for employment at the HPD three times, and was hired the third time. Defendant City of Huntington has produced, in discovery, the documentation accrued during the course of investigating each application. ECF No. 276, Exs. 1-3. These documents reveal that HPD conducted thorough background and criminal checks on Officer Lusk. HPD interviewed his neighbors, past employers, and teachers; reviewed his driving record, school records, credit report, and criminal record; required a self-report of various risk factors, and conducted a psychological fitness test. Plaintiffs do not point to any specific deficiency in this investigative process, and so the Court finds none. *Compare Kowalyk v. Cnty Comm'n of Hancock Cnty*, 5:08-cv-181, 2011 WL 43027 at *8 (N.D.W. Va. Jan. 6, 2011) (county not negligent in hiring deputy sheriff where he

passed civil service exam, graduated police academy, and underwent physical and psychological examinations, despite plaintiff's unsubstantiated argument that psychological examination was insufficient), *with Woods*, 712 F. Supp.2d at 514 (police department's motion for summary judgment on plaintiff's negligent hiring claim denied where the department had information about officer candidate's propensity toward anger, spotty employment history, and "other-than-honorable discharge from the Navy," yet did not "adequately investigate [his] military service, conduct a psychological fitness for duty evaluation, or adequately follow up on [his] references.").

Plaintiffs instead focus on the argument that HPD was negligent because it decided to hire Officer Lusk despite the results of the background investigations. First, the background investigations revealed several negative facts that foretold a " possible risk of harm or injury to co-workers or third parties that could result from the conduct" of Officer Lusk. *McCormick*, 503 S.E.2d at 507. Second, hiring Officer Lusk with knowledge of these blemishes on his record was contrary to department hiring policy. Third, the fact that HPD rejected Lusk's application twice before hiring him on his third application demonstrates that HPD knew he was an unfit candidate.

Addressing these arguments in turn, first, the infractions revealed in the background investigations concerned incidents in junior high and high school, and the likes of minor traffic violations— all negative reports were either distant, minor or based on speculation by third parties. Second, although Plaintiffs argue that hiring Lusk despite some of these infractions violated HPD hiring guidelines, there is no argument in the record that violation of department policies regarding hiring had any legal effect, such as providing a prima facie showing of negligence.[1] Third, although

---

[1] Even if the guidelines had the force of statute, a violation thereof would create only a prima facie showing of negligence, which would still require a plaintiff to demonstrate that the
(continued...)

HPD did reject Lusk's application twice, when he applied the third time, he had experience as a police officer in nearby Kenova. Additionally, Lusk had numerous positive employer reviews, and positive reviews from his years in the National Guard. In short, the background checks revealed no significant indiscretions in Lusk's adult life, such as violent behavior, or patterns of bad judgment, that would lead a reasonable police department to conclude Lusk posed an elevated "possible risk of harm or injury to co-workers or third parties." *McCormick*, 503 S.E.2d at 507. The Court therefore finds no breach of duty in HPD's decision to hire Lusk after extensive background investigations.

However, even if the hiring decision were negligent, Plaintiffs would still have to demonstrate that this negligence was proximately caused the injury at issue, that is, the shooting of Joe Porter in a dark and crowded nightclub, amidst gunfire. Because police work carries the possibility of encountering an array of dangerous situations, the scope of the foreseeable risk related to a negligent officer hiring decision is broad. *See Woods*, 712 F. Supp.2d at 514. However, in this case, the alleged breaches in HPD's duty are simply too distant from the specific injury at issue to constitute proximate cause. Plaintiffs rely on the isolated, distant, or relatively minor infractions found in Lusk's background investigations to establish that he was an unfit candidate, likely to endanger others. However, none of the items found in the background investigation gave HPD notice that Officer Lusk was an individual with the kind of bad judgment, psychological instability,

---

(...continued)
breach caused the harm alleged. *See Kizer v. Harper*, 561 S.E.2d 368, 372 (W. Va. 2001) (stating, in a negligent hiring case, "Under West Virginia law, a violation of a statute is prima facie evidence of negligence. In order to be actionable, however, such violation must be the proximate cause of the plaintiff's injury.") (internal citations omitted).

racial bias, tendency toward violence, or inability to respond to stressful events that might create a foreseeable risk of engaging in excessive force or responding poorly in rapidly-evolving situations.

Therefore, viewing the facts in the light most favorable to the Plaintiffs, their negligent hiring claim cannot succeed, and summary judgment for Defendant City of Huntington is **GRANTED** as to Plaintiffs' negligent hiring claim. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:   April 20, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE