IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LEVERT SMITH and NELSON RADFORD,
Co-Administrators of the Estate of
Joseph Jeremaine Porter,

          Plaintiffs,

v.                            CIVIL ACTION NO. 3:10-0781

RONALD LUSK, individually, and
THE CITY OF HUNTINGTON,
WEST VIRGINIA,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendants' Motion to Preclude Introduction of Speedway Incident Involving Joe and Harold Porter in July 2007 (ECF No. 161). For the following reasons, the motion is **GRANTED**.

Defendants move to preclude introduction of evidence of a July 2007 incident at a Speedway gas station in Huntington, West Virginia. At around 3:00am on July 29, 2007, an off-duty Huntington Police Department (HPD) officer, J. Weber, was working for Speedway as a security guard. Weber observed an SUV loitering in the parking lot, approached the vehicle, and told it to move along. As Officer Weber turned to another vehicle, the SUV pulled up in front of the store and a person inside began yelling and cursing at Weber. Weber sought identification from that person and learned he was Harold Porter, brother of decedent Joe Porter. Weber told Porter he was under arrest. Porter refused to get out of the SUV and the SUV attempted to drive away; Weber jumped on the vehicle and grabbed the door handle, while the vehicle continued to drive. The

vehicle stopped and Harold Porter got out, but was combative as Weber handcuffed him. Joe Porter, also in the SUV, approached Weber, who told him to back away; Weber then handcuffed Joe Porter. Weber reportedly perceived threats from both Porters and pepper sprayed Harold Porter, who continued to struggle. Joe Porter was placed in the police cruiser, where he reportedly banged his head on the cruiser window until the window broke. Back-up officers eventually arrived to complete the arrest and transport of the Porter brothers, who were charged with disorderly conduct, obstructing a police officer, assault on a police officer, and destruction of property. Defendant Officer Ronnie Lusk may have been one of the officers who responded to the tail end of the Speedway incident, but did not participate in the arrest of the Porters. *See generally* Defs.' Mot. in Limine, ECF No. 161, at 2-3. Plaintiffs provide less detail about the incident, but allege that Officer Weber, not the Porters, acted aggressively. Pls.' Resp. to Defs.' Mot. in Limine, ECF No. 214, at 2-3. To the extent the parties dispute the facts of the Speedway incident, the disputed facts do not change the resolution of the motion.

Defendants move to preclude introduction of evidence of this event as irrelevant, given the differences between the Speedway incident and the Club Babylon shooting that forms the basis of this case. Additionally, they argue that any probative value of this evidence would be substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury. The Court agrees, and will exclude the evidence pursuant to Fed. R. Evid. 402 and 403.

Based on Plaintiffs' description of the evidence, they have failed to show how the Speedway incident is relevant to this case. Not only are the incidents dissimilar, but they occurred more than two years apart—not, as Plaintiffs stated in briefing, "months" apart. ECF No. 214 at 2, 4. Additionally, if Officer Lusk was present at the Speedway incident, it was only briefly, and he did

not interact with the Porters. Therefore, nothing about the Speedway incident makes the facts at issue in this trial more or less probable.[1]

Even if the Speedway incident was relevant, Plaintiffs have intimated that the Club Babylon shooting was the result of a police vendetta against the Porter brothers. However, they have provided no other support for this theory. Therefore, this evidence poses a substantial risk of unfair prejudice, as it introduces an unconnected instance of conflict between HPD and the Porters, without demonstrating how that conflict relates to the determination in this case. Because of its minimal relevance, evidence of the Speedway incident is also likely to confuse the issues and mislead the jury about the central determination to be made in this matter: whether Officer Lusk acted reasonably when he shot Joe Porter as officers responded to reports of gunfire at Club Babylon. Therefore, pursuant to Fed. R. Evid. 402 and 403, Defendants' Motion is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

                          ENTER:     May 16, 2012

                          ROBERT C. CHAMBERS
                          UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs had a cause of action against the City of Huntington for engaging in a "custom or policy" of excessive force, but Summary Judgment was granted for Defendants on that claim. ECF No. 255. As a result, the Speedway incident is even less relevant to the case as it stands than it would have been if the City's policy toward use of force by its officers was still at issue in this case.