IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LEVERT SMITH and NELSON RADFORD,
Co-Administrators of the Estate of
Joseph Jeremaine Porter,

      Plaintiffs,

v.          CIVIL ACTION NO. 3:10-0781

RONALD LUSK, individually, and
THE CITY OF HUNTINGTON,
WEST VIRGINIA,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff's Motion to Alter or Amend Judgment and for a New Trial. ECF No. 344. For the reasons given below, the Motion is **DENIED**.

Altering or amending a judgment pursuant to Fed. R. Civ. P. 59(e) "is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A motion to alter or amend a judgment should only be granted: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id*. A Rule 59(e) motion may not be used, however, to raise novel legal arguments or other arguments which could have been raised before the judgment was issued. *Id*. A similar standard governs a motion for a new trial under Fed. R. Civ. P. 59(a). *See EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997) (same three factors govern a Rule 59(a) motion).

In this case, Plaintiffs assert two reasons why this Court should alter or amend the judgment, or order a new trial.

First, Plaintiffs challenge the Court's directed verdict "against Plaintiffs on their state claims of negligence and willful conduct against Ronald Lusk and the City of Huntington." ECF No. 345, at 2. Plaintiffs contend that "there is a plethora of evidence for the jury to determine that the Defendant, Officer Lusk, was negligent, wanton or reckless, committed [sic] with malicious purpose, or outside the scope of employment." *Id*. at 4. Plaintiffs inaccurately characterize the Court's directed verdict, which did not include Plaintiffs' willful conduct claim against Officer Lusk. Under West Virginia law, a municipal employee may be liable for his conduct if his actions were "with malicious purpose, in bad faith, or in a wanton or reckless manner," or if they were manifestly outside the scope of his employment. W. Va. Code § 29-12A-5(b)(1)-(2). The Court found that Plaintiffs put forth sufficient evidence for the jury to conclude that Officer Lusk's admittedly intentional act of shooting Joe Porter fell within one of these categories, and instructed the jury on this claim. The jury returned a verdict against Plaintiffs. *See* Jury Verdict Form, ECF No. 336, at 2.

The Court did direct a verdict on Plaintiffs' state law negligence claims against Lusk and the City of Huntington. Lusk, as a municipal employee, was protected from a negligence claim unless his actions were "with malicious purpose, in bad faith, or in a wanton or reckless manner," or manifestly outside the scope of his employment. *See* W. Va. Code §29-12A-5(b). Although West Virginia law would have permitted a claim against the City for Lusk's negligence, the Court found that there was no evidence presented that Lusk was merely

negligent. Lusk testified that he intentionally shot Joe Porter, fearing Porter was about to shoot him. Plaintiffs presented no evidence that Lusk's decision to shoot was accidental, or careless, rather than intentional. Additionally, Plaintiffs failed to present sufficient evidence for a jury to conclude that Lusk was negligent in his actions before or after the shooting incident. Witnesses agreed on how the police officers, including Lusk, arrived at Club Babylon in response to reports of shots fired. Witnesses also agreed on what officers did when they arrived. No evidence of negligence was presented. Further, Plaintiffs argued that Lusk and other officers were negligent in failing to provide medical care to Porter after he was shot. However, they put forth no evidence of such negligence, and at the close of Plaintiffs' case-in-chief, the Court granted summary judgment to Defendants on this claim. There was insufficient evidence for a jury to find that Lusk was negligent either before or after he shot Joe Porter, and so the Court directed a verdict for Defendants on Plaintiffs' state law negligence claims.

In support of their negligence claim, Plaintiffs cite *Webb v. Raleigh County Sheriff's Dept.*, 761 F. Supp. 2d 378, 393 (S.D.W. Va. 2010), a case containing both negligence and 42 U.S.C. § 1983 excessive force claims against two deputy sheriffs who shot and killed a man in his driveway. In *Webb*, the court permitted a claim for state law negligence to proceed, but awarded summary judgment for the defendants on the plaintiff's § 1983 claim. *Id.* at 393-94. The court found that while deputies' use of force was reasonable, and so a § 1983 claim was precluded, a jury could find that the deputies were negligent in the moments before or after that use of force. *Id.* at 394; *see* W. Va. Code §29-12A-5(b).[1]

---

[1] *See Webb,* 761 F. Supp.2d at 393 ("This Court has found that the deputies' use of force in firing at Mr. Webb at the moment his gun was directed at them was reasonable"); *id.* at 394 ("Viewing the facts in the light most favorable to Plaintiff, the Court is unable to find that no reasonable jury could return a verdict in Plaintiff's favor. A jury could

In this case, there was sufficient evidence to allow the § 1983 claim to proceed, while the negligence claim was precluded. Although the surviving claims were the inverse of those in *Webb*, *Webb* supports rather than contradicts such a determination. *Webb* recognized that although section 1983 and negligence claims can be similar, they are different claims, and a plaintiff may meet his or her burden of proceeding with one claim but not the other. Such a result obtained in this case. The Court did not err in directing a verdict on Plaintiffs' state law negligence claims.

Second, Plaintiffs allege that "the Court should not have instructed the jury that they could find in favor of Lusk even if he made a mistake in shooting Joe Porter." ECF No. 345, at 5.

In the course of this case, the Court considered instructing the jury that for the purposes of a § 1983 claim, "even if Officer Lusk was mistaken as to whether Joe Porter carried a gun, the Officer's mistaken belief about the attendant circumstances does not make a use of force unreasonable per se." Plaintiffs argued, before instructions were given, that the Court should strike this proposed instruction, as there had been insufficient evidence introduced that Officer Lusk had mistaken another object in Joe Porter's hand for a gun. The Court granted Plaintiffs' request in part and eliminated the reference to "whether Joe Porter had a gun." The Court

---

find that the deputies' response to the "man with a gun" call was unnecessary given that the call was made on a non-emergency line the night before the Fourth of July and the deputies did not observe any gunshots once they were within range of the Webb residence. Weighing the testimony of Plaintiff, Kristi Richmond and Chris Hatfield, who state that they did not hear the deputies announce their presence through their open windows, a jury could find that the deputies failed to announce themselves before firing at Mr. Webb. Examining the evidence that neither deputy confirmed Mr. Webb's death after the shooting and Deputy Hajash told the EMS personnel to wait to work on him until pictures were taken of the scene, a jury could find that Mr. Webb was still alive at the time the EMS personnel arrived, but was denied access to medical care. The deputies' conduct in any of the above actions could be found by a jury to be negligent[.]").

instead instructed the jury that an officer's use of force is reasonable "if he has probable cause to believe that a person poses an imminent danger of harm to himself or others, even if the officer is mistaken in the belief that the person is armed or otherwise mistaken as to the nature of the danger. Even if Officer Lusk was mistaken as to whether Joseph Porter posed an imminent risk, an officer's mistaken belief about the attendant circumstances does not make the use of deadly force unreasonable per se." This instruction is an accurate statement of the law governing § 1983 excessive force claims. An officer need not be correct that a suspect poses an imminent and serious threat before using deadly force, instead, the officer need only reasonably perceive that a suspect poses such a threat. *See Anderson v. Russell*, 247 F.3d 125, 131 (4th Cir. 2001) (collecting cases). Because this instruction was a correct statement of the applicable law, there is no reason to alter or amend the judgment, or to order a new trial.

Plaintiffs point to no errors which merit amending or altering the judgment, or granting a new trial. The Court therefore **DENIES** Plaintiffs' Motion. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

                ENTER:     August 6, 2012

                ROBERT C. CHAMBERS
                UNITED STATES DISTRICT JUDGE